## Case No. 7,297.

### The JESSE WILLIAMSON, JR.

[17 Blatchf. 220.] [1]

Circuit Court, S. D. New York.  Oct. 11, 1879.

Benedict, Taft & Benedict, for sureties.
Scudder & Carter, for claimants.

BLATCHFORD, Circuit Judge.  As the decree of this court in this case dismisses the libel [Case No. 7,296], and as the libellant, in his libel, claims damages to the amount of over $27,000, and as the district court has dismissed the libel, it follows that this is a case in which the libellant can appeal to the supreme court and can have his appeal operate as a supersedeas and stay of execution. As the bond of the sureties on the appeal to this court is, in its condition, the same as that in the case of The New Orleans [Case No. 10,181], just decided, it follows, that the motion for judgment in this case against said sureties must be denied, for the reasons assigned in the decision in that case.

## Case No. 7,298.

### The JESSIE RUSSELL.

[9 Ben. 181.] [2]

District Court, E. D. New York.  June. 1877.

BENEDICT, District Judge.  This is an action to recover the value of a canal boat, alleged to have been sunk through the negli-

gence of the tug Jessie Russell while towing her through a bridge on Newtown creek.

The time when the accident is said to have occurred was September 20, 1873.  The action was commenced July, 1876.  The reasons assigned for this great delay are not satisfactory to my mind, and during this period a part of the boat has changed hands, and, at the time of commencing the suit, was owned by an innocent party who had bought without notice.

By reason of the delay it has been rendered impossible to present to the court evidence in regard to the condition of the canal boat at the time, that would have been easily found if the action had been brought soon after the boat had sunk.  The actual condition of the boat is a material question in the enquiry.

I am, therefore, of the opinion that under the circumstances of this case, the demand should be held to have become stale, and for that reason not enforceable in this court. Libel dismissed, but without costs.